**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RICO DEON SHAMBURGER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 06-0838-CG-M** |
| | ) | |
| | ) | |
| **THE CITY OF MOBILE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

This matter is before the court on defendants' motions for summary judgment (Docs. 44 & 48), and plaintiff's response thereto (Doc. 55). Any party opposing these motions was ordered to respond to them on or before July 3, 2008. (Doc. 52). When no opposition was filed, the court treated the non-response as an oversight and granted plaintiff leave to file his response on or before July 14, 2008. (Doc. 54). Plaintiff was warned that "[f]ailure to respond will be construed as the plaintiff's concession to the motions, in which case the defendants' motions for summary judgment will be granted without further order of the court and this action will be dismissed with prejudice." (Doc. 26). No timely response was filed.

On July 18, 2008, plaintiff's counsel filed a response which acknowledges that he could not in good faith file a response in opposition that will overcome the defendants' motion for summary judgment. (Doc. 55). Plaintiff's counsel states that he advised his client that due to the outcome of the underlying criminal case that concession is in order, but that plaintiff has not responded to counsel's correspondences.

1

"In opposing a motion for summary judgment, a 'party may not rely on his pleadings to avoid judgment against him.'" <u>Resolution Trust Corp. v. Dunmar Corp.</u>, 43 F.3d 587, 592 (11th Cir. 1995), <u>cert. denied sub nom.</u>, <u>Jones v. Resolution Trust Corp.</u>, 516 U.S. 817 (1995)(citing <u>Ryan v. Int'l Union of Operating Eng'rs., Local 675</u>, 794 F.2d 641, 643 (11th Cir. 1986)). Moreover, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.  Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." <u>Id.</u> at 599 (citations omitted).   The court finds that plaintiff has abandoned his claims, and that summary judgment is due to be granted in favor of defendants on that basis.

## CONCLUSION

For the reasons stated above, defendants' motions for summary judgment (Docs. 44 & 48) are **GRANTED**.

**DONE and ORDERED** this 23rd day of July, 2007.

/s/  Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

2

3